UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-03557-CAS(FFMx) | Date | May 19, 2014 |
|---|---|---|---|
| Title | DORETHA LEFORE V. THE WESTIN LOS ANGELES AIRPORT, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants |
| Not Present | | Not Present |

**Proceedings:**   **(In Chambers:)** ORDER TO SHOW CAUSE RE: LACK OF SUBJECT MATTER JURISDICTION

## I.     INTRODUCTION AND BACKGROUND

Plaintiff Doretha Lefore filed this action in Los Angeles County Superior Court on February 18, 2014, against defendants Westin Los Angeles Airport, and Starwood Hotels & Resorts Worldwide, Inc. ("Starwood"). Dkt. #1. The complaint asserts claims for age discrimination, retaliation, hostile work environment, failure to prevent discrimination and retaliation, and wrongful termination. All of plaintiff's claims appear to be grounded in California law, and not federal law. Plaintiff does not allege her state of citizenship, or the citizenship of defendants.

Starwood filed a notice of removal in this Court on May 8, 2014, contending that this Court has original jurisdiction over this action based on diversity of citizenship. Id. Starwood avers that it is a is a Maryland corporation with its principal place of business in Connecticut. Id. Starwood further states that the Westin Hotel located at Los Angeles Airport is not a legally existent entity, but rather a hotel property. Id. Thus, according to Starwood, it is the only properly named defendant in this action. Id. Starwood further contends that plaintiff is a citizen of California, based on the address listed on the "Charge of Discrimination" that plaintiff filed with the Equal Employment Opportunity Commission against the Westin Los Angeles Airport prior to commencing this action. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-03557-CAS(FFMx) | Date | May 19, 2014 |
|---|---|---|---|
| Title | DORETHA LEFORE V. THE WESTIN LOS ANGELES AIRPORT, ET AL. | | |

## II.   DISCUSSION

Removal is proper where the federal courts have original jurisdiction over an action brought in state court.  28 U.S.C. § 1441(a).  Pursuant to 28 U.S.C. § 1332(a), the federal courts have original jurisdiction over state law actions only where the amount in controversy exceeds $75,000 and the action is between parties of diverse citizenship.  Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff."  In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008) (citations omitted).  A corporation is a citizen of its state of incorporation and the state in which its principal place of business is located.  28 U.S.C. § 1332(c)(1); 13F Charles A. Wright & Arthur R. Miller, et al., Fed. Practice and Procedure § 3624 (3d ed.).

The representations in Starwood's notice of removal appear to support the conclusion that plaintiff is a citizen of California.  Starwood also contends that the only legally cognizable entity named as a defendant, namely, Starwood, is a citizen of Maryland and Connecticut.[1]  However, while the face of the complaint names only Starwood and the Westin Los Angeles as defendants, the complaint also identifies numerous other individuals under the heading "parties."  In this regard, the complaint refers to Reina Torres, Jennifer Aparicio, Romeo Aguinaldo, Patrick Dougherty, and Tim McDonald as "parties," Compl. ¶¶ 3-7, without explicitly stating whether plaintiff intends to name these individuals as defendants.  Moreover, neither the complaint nor the notice of removal identifies the state of citizenship of any of these individuals.

Thus, it appears that there is some ambiguity in the complaint as to who the named defendants are in this action.  This ambiguity bears on this Court's jurisdiction, because, if plaintiff intends to name any of these individuals as defendants, and one or more of these individuals is a citizen of California, then diversity of citizenship does not exist, and this Court therefore lacks subject matter jurisdiction over this action.

---

[1] The Court expresses no view as to the merit of this contention, but assumes it to be true for the purposes of this order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-03557-CAS(FFMx) | Date | May 19, 2014 |
|---|---|---|---|
| Title | DORETHA LEFORE V. THE WESTIN LOS ANGELES AIRPORT, ET AL. | | |

### III. CONCLUSION

Based on the foregoing, plaintiff is hereby ORDERED TO SHOW CAUSE in writing on or before **June 2, 2014**, why this action should not be remanded to Los Angeles County Superior Court. Specifically, plaintiff is directed to clarify whether she intends to name any or all of Reina Torres, Jennifer Aparicio, Romeo Aguinaldo, Patrick Dougherty, and Tim McDonald as defendants in this action. If it is plaintiff's intention to name any of these individuals as defendants, plaintiff is directed to file an amended complaint concurrently with her response to this order to show cause, which explicitly names any or all of these individuals as defendants, and also explicitly alleges their respective places of citizenship. Starwood shall have leave to file a reply on or before **June 9, 2014**.

The parties' submissions shall not exceed five pages. This page limit shall not apply to an amended complaint, if one is filed.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |